

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

             Plaintiff,

                                              Hon. Sean F. Cox

v.                                            Case No.  18-cr-20437  21-20094

D-6 ANGELA HAYES,

             Defendant.

_____/

### Plea Agreement

The United States of America and the Defendant, Angela Hayes ("Hayes" or "Defendant"), have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.    Count of Conviction**

The Defendant will plead guilty to Count One of the Information. Count One charges the Defendant with Conspiracy to Defraud the United States and to Pay and Receive Health Care Kickbacks in violation of 18 U.S.C. § 371.

**2.    Statutory Minimum and Maximum Penalties**

The Defendant understands that the count to which she is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 5 years |
| | Fine: | Up to $250,000.00 or twice the pecuniary loss or gain |
| | Term of supervised release: | Up to 3 years |

## 3.    Elements of Count of Conviction

The elements of Count One are as follows:

> First:       That two or more persons conspired, or agreed, to commit the crime of soliciting or receiving health care kickbacks; and
>
> Second:    That the Defendant knowingly and voluntarily joined the conspiracy; and
>
> Third:      That a member of the conspiracy did one of the overt acts described in the Information for the purpose of advancing or helping the conspiracy.

The Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, makes it a Federal offense for anyone knowingly and willfully to offer, pay, solicit, or receive any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part by Medicare, a Federal health care program as defined in Title 42, United States Code, Section 1320a–7b(f).

4.     **Factual Basis**

The parties agree that the following facts are true, accurately describe the Defendant's role in the offense, and provide a sufficient factual basis for the Defendant's guilty plea:

From in or around May 2017 through in or around June 2019, in Wayne County and Oakland County, in the Eastern District of Michigan, and elsewhere, Hayes knowingly and willfully conspired with others, including Haris, to commit Conspiracy to Defraud the United States and to Pay and Receive Health Care Kickbacks in violation of 18 U.S.C. § 371. Medicare is a "health care benefit program" of the United States as defined in 18 U.S.C. § 24. Furthermore, Medicare is a health care benefit program affecting commerce.

Hayes, through her company Best Choice Senior Services, works as a patient recruiter. During the course of the conspiracy, Hayes received illegal kickbacks and bribes from Farzana Haris, the owner of Inij Home Health Care ("Inij"), in exchange for patient referral information that was used to submit false and fraudulent claims to Medicare on behalf of Inij. These claims were for beneficiaries who were procured through illegal kickbacks. In furtherance of the conspiracy, on or about September 17, 2018, Haris sent a text message to Hayes about receiving payment for the referral of a Medicare beneficiary to Inij. On or about September 17, 2018, Haris paid and caused the payment of approximately $700 to Hayes, in the form of

check number 3000, drawn on PNC Bank account x6447, held in the name of Inij, made payable to Best Choice Senior Services, in exchange for referring a Medicare beneficiary and providing Medicare beneficiary information.

Inij billed Medicare approximately $264,177.53 in connection with claims for purported home health services rendered to Medicare beneficiaries referred to Inij by Hayes. Medicare paid Inij approximately $249,129.24 as a result of those false and fraudulent claims for services purportedly rendered to beneficiaries who were recruited by Hayes through illegal kickbacks and bribes.

In addition, Hayes beginning in or around 2012 and through January 2020, Hayes received illegal kickbacks and bribes from the owners of a number of other home health agencies in exchange for patient referral information that was used to submit false and fraudulent claims to Medicare on behalf of those home health agencies. These claims were for beneficiaries who were procured through illegal kickbacks.

For example, beginning in or around February 2019 and continuing through and around January 2020, Hayes received illegal kickbacks and bribes from Ankit Patel, the owner of Perfect Home Health Care Services ("Perfect"), in exchange for patient referral information that was used to submit false and fraudulent claims to Medicare on behalf of Perfect. These claims were for beneficiaries who were procured through illegal kickbacks. Perfect billed Medicare approximately

$104,955.36 in connection with claims for purported home health services rendered to Medicare beneficiaries referred to Perfect by Hayes. Medicare paid Perfect approximately $93,295.26 as a result of those false and fraudulent claims for services purportedly rendered to beneficiaries who were recruited by Hayes through illegal kickbacks and bribes.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for Hayes' guilty plea. It does not include all facts known to Hayes regarding her illegal activities. Hayes makes this statement knowingly and voluntarily because he is in fact guilty of the crime charged.

## 5. Advice of Rights

The Defendant has read the Information, has discussed the charges and possible defenses with her attorney, and understands the crimes charged. The Defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

D. The right to an appointed attorney, if the Defendant cannot afford to retain one;

E.    The right to be presumed innocent and to require the government to prove the Defendant guilty beyond a reasonable doubt at trial;

F.    The right to confront and cross-examine adverse witnesses at trial;

G.    The right to testify or not to testify at trial, whichever the Defendant chooses;

H.    If the Defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

I.    The right to present evidence or not to present evidence at trial, whichever the Defendant chooses; and

J.    The right to compel the attendance of witnesses at trial.

**6.    Collateral Consequences of Conviction**

The Defendant understands that her conviction here may carry additional consequences under federal or state law. The Defendant understands that, if she is not a United States citizen, her conviction here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The Defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the Defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The Defendant understands that no one, including the

Defendant's attorney or the Court, can predict to a certainty what the additional consequences of the Defendant's conviction might be. The Defendant nevertheless affirms that the Defendant chooses to plead guilty regardless of any immigration or other consequences from her conviction.

### 7.   Defendant's Guideline Range

#### A.   Court's Determination

The Court will determine the Defendant's guideline range at sentencing.

#### B.   Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the Defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the Defendant's offense level is 16 or greater and the Defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the Defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the Defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—

the government will be released from its obligations under this paragraph, will be free to argue that the Defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the Defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- Base offense level of 8 (2B4.1(a));

- A 12-level increase for loss amount above $250,000 (2B1.1(b)(1)(G));

## D.    Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the Defendant's guideline range and imposing sentence:

- The parties have no additional factual stipulations for sentencing purposes.

## E.    Parties' Obligations

Both the Defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. Other than the identified guideline recommendations and factual stipulations, however, neither party is restricted in what it may argue or present to the Court as to the Defendant's appropriate sentence.

**F.    Not a Basis to Withdraw**

The Defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**8.    Exclusion from the Medicare Program and Other Federal Health Care Programs**

The Defendant understands and acknowledges that as a result of this plea, the Defendant will be excluded from Medicare, Medicaid, and all Federal health care programs.   The Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the Defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

9. **Imposition of Sentence**

   A. **Court's Obligation**

   The Defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

   B. **Imprisonment**

   1. **Recommendation**

   Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the Defendant's sentence of imprisonment not exceed the top of the Defendant's guideline range as determined by the Court.

   2. **No Right to Withdraw**

   The government's recommendation in paragraph 8.B.1 is not binding on the Court. The Defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government or the Defendant will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a three-year term of supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The Defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The Defendant also understands that the government's recommendation concerning the length of the Defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the Defendant's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.   Restitution

The Court must order restitution to every identifiable victim of the Defendant's offense.

The parties have agreed that the Defendant shall pay restitution to the victims in this case:

- In an amount to be determined, but not to exceed $342,424.50, payable to: The U.S. Department of Health and Human Services; and

The Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The Defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The Defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The Defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F. Forfeiture

Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), and 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c), without contest, any and all right, title, and interest, she may possess in property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to her violation of Count One of the Information.

Defendant also agrees to the entry of a forfeiture money judgment against her in favor of the United States in an amount representing the value of property subject to forfeiture for Defendant's violation of Count One of the Information. Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extend possible, from any property owned or under the control of the Defendant. To satisfy the money judgment, Defendant explicitly agrees to the forfeiture of any assets she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. The Forfeiture Money Judgment shall be reduced by the net amount of proceeds ultimately forfeited to the United States.

Defendant agrees to the entry of one or more orders of forfeiture incorporating the forfeiture money judgment, including the Court's prompt entry of a Preliminary Order of Forfeiture imposing the forfeiture money judgment, following Defendant's guilty plea, upon application by the United States at, or any time before, her sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. Defendant agrees to sign such an order or otherwise consent to the entry of such an order through Defendant's counsel when such consent is requested by the Government.

Defendant agrees that she will cooperate with the United States by identifying all property known to her, in which she or any other person has a legal or equitable interest, which constitutes or is derived from the proceeds of his violation of Count

One of the Information. Defendant agrees that she will take whatever steps are necessary to deliver possession of, and clear title to, each property to be forfeited to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture. Defendant also agrees to testify truthfully in any forfeiture proceeding concerning forfeitable assets, if requested to do so by the government.

Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that the forfeiture of assets and imposition of a forfeiture money judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this, pursuant to Rule 11(b)(l)(J), at the time her guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, any Double Jeopardy challenge and any challenge that the forfeiture money judgment constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.    Special Assessment

The Defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10.    Appeal Waiver

The Defendant waives any right she may have to appeal her conviction on any grounds. If the Defendant's sentence of imprisonment does not exceed the top of the expected 24 to 30-month guideline range, the Defendant also waives any right she may have to appeal her sentence on any grounds.

## 11.    Collateral Review Waiver

The Defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the Defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The Defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the Defendant properly files a motion under that section. The Defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**12.     Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the Defendant is allowed to withdraw her guilty plea(s), or if the Defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the Defendant that were dismissed as part of this agreement and may file additional charges against the Defendant relating, directly or indirectly, to any of the conduct underlying the Defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the Defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**13.     Use of Withdrawn Guilty Plea**

The Defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the Defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the Defendant in any proceeding.

**14.     Parties to Plea Agreement**

This agreement does not bind any government agency except the Criminal Division of the United States Department of Justice.

**15.   Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the Defendant or to the attorney for the Defendant at any time before the Defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the Defendant, or any forfeiture claim against any property, by the United States or any other party.

**16.   Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 4:00 p.m. on February 5, 2021. The government may withdraw from this agreement at any time before the Defendant pleads guilty.

NICHOLAS L. MCQUAID
Acting Assistant Attorney General
Criminal Division
U.S. Department of Justice

DANIEL KAHN
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE


Malisa Dubal
Assistant Deputy Chief
Criminal Division, Fraud Section
United States Department of Justice


John J. McCormack
Trial Attorney
Criminal Division, Fraud Section
United States Department of Justice


Date: February 5 , 2021

DANIEL KAHN
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE


Malisa Dubal
Assistant Deputy Chief
Criminal Division, Fraud Section
United States Department of Justice


_____   KATHLEEN   COOPERSTEIN
John L McCormack
Trial Attorney
Criminal Division, Fraud Section
United States Department of Justice


Date: February ___, 2021

June 14, 2022

By signing below, the Defendant and her attorney agree that the Defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The Defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

Wanda R. Cal
Attorney for Defendant

Dated:  2 - 4 - 21

Angela Hayes
Defendant

Dated:  2-4-21